JOSEPH SCHLITZ BREWING COMPANY, Appellant, vs. CITY
OF SUPERIOR and others, Respondents.

*February 26—March 21, 1903.*

(1)  *Equity: Restraining enforcement of municipal ordinance.*
(2)  *Sale of liquors by brewer: License: Construction and va-*
     *lidity of ordinance.*

1.  Assuming that a certain city ordinance is void or is inapplicable
    to plaintiff, a complaint alleging that plaintiff has a consider-
    able business and a valuable warehouse used therein in the
    city, that the city threatens numerous prosecutions of plaint-
    iff's agents for violation of said ordinance in the conduct of
    such business, and that thereby plaintiff will be subjected to
    a multiplicity of suits and compelled to pay large sums in fines
    and its business will be ruined unless such prosecutions be en-
    joined, states a good cause of action in equity to restrain the
    enforcement of such ordinance.

2.  Under a city charter giving the common council power to grant
    licenses for and regulate groceries, saloons, etc., "and all per-
    sons vending or dealing in spirituous, vinous, or fermented
    liquors," and to "prohibit and suppress the same," an ordi-
    nance making it unlawful for "any person" to sell or give
    away malt or intoxicating liquors without a license from the
    council, is valid and is applicable to a brewer who ships his
    beer to his warehouse or depot in the city, whence it is deliv-
    ered by his agent to customers in the city, upon orders taken
    therefor by said agent.

APPEAL from orders of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge.  *Affirmed.*

This is an action in equity brought to enjoin the city of
*Superior* and its officers from enforcing a certain ordinance
adopted by the common council of the city.  The complaint
alleges, in substance, that the plaintiff is a large manufac-
turer of malt liquors, having its place of business in the city
of Milwaukee; that for more than one year last past it has
been conducting and is still conducting a considerable busi-
ness at the city of *Superior* in the sale of malt liquors, and
has a warehouse or depot in said city, which it uses in said

business, of the value of $2,000; that in the course of the transaction of such business it ships the said beer in barrels, kegs, and bottles to the said warehouse or depot, where it has an agent who delivers the same to customers in various parts of the city in fulfilment of orders taken therefor by its said agent; that on the 25th day of November, 1895, a certain ordinance, entitled "An ordinance relating to licenses for the sale of intoxicating liquors," was adopted by said city, the first section of which ordinance is as follows:

"It shall be unlawful for any person to sell, give away, barter, furnish or dispose of in any manner, either directly or indirectly, or by agent or employee or otherwise, any spirituous, vinous, malt, or fermented or intoxicating liquors, for any purpose whatever, without first having obtained a license therefor from the common council of the city of *Superior* as hereinafter provided;"

that the remaining sections of said ordinance prescribe the methods by which a license is to be obtained, the bond to be given therefor, and the amount to be paid for the same, such provisions being substantially similar to the provisions contained in sec. 1549, Stats. 1898, except that the bond is required to contain certain additional provisions, and the license fee is fixed at $500 per year, the penalty for the violation of any provision of sec. 1 being fixed at a sum not less than $50, nor more than $100; that the said ordinance is unauthorized and void; that the defendant city and its officers threaten to institute proceedings against the plaintiff under said ordinance from time to time on account of the prosecution of the plaintiff's said business without license, and that thereby the plaintiff will be subjected to a multiplicity of suits and compelled to pay out large sums in fines; and that its business will be ruined unless the prosecution of such suits be enjoined.

A preliminary injunctional order having been obtained upon this complaint, the same was, upon motion, vacated by the trial court, and at the same time a general demurrer to

the complaint was sustained, and the plaintiff appeals from both of said orders.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. H. Noyes.* They contended, *inter alia,* that, assuming that the charter and ordinance should have a construction similar to that of the general statutes (*Michels v. State,* 115 Wis. 43), the ordinance is discriminative and void, since under it a local brewer may manufacture and sell his product in *Superior* without the payment of any license fee, while the plaintiff—which manufactures its product in Milwaukee—cannot lawfully sell it in *Superior* without first paying a license fee of $500. XIVth Amend. U. S. Const.; Cooley, Const. Lim. ch. 11, p. 490; *Barbier v. Connolly,* 113 U. S. 27; *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S. 150; *Anderton v. Milwaukee,* 82 Wis. 279; *Cairo v. Feuchter,* 159 Ill. 155, 42 N. E. 308; *Monmouth v. Popel,* 183 Ill. 634, 56 N. E. 348; *Lake View v. Tate,* 130 Ill. 247; *Scott v. Donald,* 165 U. S. 58; *Gould & Co. v. Atlanta,* 55 Ga. 678; *Simrall v. Covington,* 90 Ky. 444; *Brooks v. Mangan,* 86 Mich. 576; *Morgan v. Orange,* 50 N. J. L. 389; *Sayre v. Phillips,* 148 Pa. St. 482.

*Thos. E. Lyons,* for the respondents, to the point that the ordinance is not discriminative and is a proper exercise of the police power, cited *Reymann B. Co. v. Brister,* 179 U. S. 445; *Rhodes v. Iowa,* 170 U. S. 413; *Minneapolis B. Co. v. McGillivray,* 104 Fed. 258; *People ex rel. Einsfeld v. Murray,* 149 N. Y. 367; *Adler v. Whitbeck,* 44 Ohio St. 574; *State v. Cassidy,* 22 Minn. 312.

WINSLOW, J.    There are two questions in this case: (1) Can an action in equity be maintained for the purpose of enjoining the enforcement of a municipal ordinance? And (2) Is the ordinance valid and binding upon the plaintiff?

1. The jurisdiction of equity to interfere by injunction and prevent prosecutions for misdemeanors or violations of

municipal ordinances has been frequently under discussion in the courts, and the decisions are not entirely harmonious. This court has recently had the general subject under discussion, and, after full consideration, has laid down the rule that equity may enjoin such prosecutions where they "are resorted to or threatened as a means of preventing the enjoyment of property rights, and there is no other way of adequately remedying the mischief." *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870. Under this rule, we think that, conceding that the ordinance in question is void or not applicable to the plaintiff, the complaint states a good cause of action in equity. The complaint shows that the plaintiff has a business built up in the city of *Superior,* and that it has a valuable storehouse which it uses for the prosecution of that business; that the city threatens to institute and prosecute numerous actions against the plaintiff's agents for violation of said ordinance in the regular prosecution of such business, which prosecutions will inevitably result in the levying of large amounts of fines and the final utter destruction of the plaintiff's business unless such prosecutions be enjoined. It is true that in the *Bradley Case* a number of prosecutions had actually been commenced and were pending, and in the present case there are no prosecutions actually commenced; but the allegation is that they are threatened to an extent which will ruin the plaintiff's business and the use of its property, and there is nothing to meet or throw doubt upon the truth of the statement so positively made. Under all ordinary circumstances such positive statements of threatened acts are deemed sufficient to move a court of equity to action, although no overt act has yet been committed.

2. Upon the general question of the validity of the ordinance and its applicability to the plaintiff, the case is ruled by the case of *Michels v. State,* 115 Wis. 43, 90 N. W. 1096. That was a prosecution for violation of sec. 1550, Stats. 1898, which provides that, "if any person shall vend, sell

or . . . give away" any malt or intoxicating liquor without license, he shall be deemed guilty of a misdemeanor; and it was held that it applied to a case of a local manufacturer selling beer from his wagon. The argument that the license law was only applicable by its terms to persons keeping groceries, saloons, or other similar places, and hence that sec. 1550 only applied to such dealers as kept groceries, saloons, or other similar places, was strongly made in that case, but it was repudiated on the ground that the court could not so restrict the plain meaning of the words "any person."

Sec. 1 of the ordinance in question in the present case provides that "it shall be unlawful for any person" to sell or give away malt or intoxicating liquors without a license. This ordinance was passed under a clause of the city charter (Laws of 1891, ch. 124, subch. VI, sec. 35, subd. 1) which gives the common council power "to grant licenses for and regulate groceries, tavernkeepers, keepers of ordinaries, saloons, victualing houses, *and all persons* vending or dealing in spirituous, vinous, or fermented liquors, and *may prohibit and* suppress the same."

It will be noticed that this clause of the charter not only authorizes the council to license and regulate "places," but also to license, regulate, prohibit, and suppress the keepers of such places, as well as all persons vending or dealing in liquors. Here is given to the council as ample powers to license and prohibit places and persons as is vested in the legislature, and under this power the council has passed a section substantially identical in terms with sec. 1550 aforesaid.

Unless the principle upon which the *Michels Case* was decided is to be overruled, this ordinance must be held applicable to the plaintiff. While the reasoning of that case may be subjected to criticism, it was believed to be but the necessary result of the previous decisions of this court. At all events, we do not feel that it should be overruled. A principle once definitely and deliberately adopted by this court should be

adhered to unless very conclusive grounds be shown for its overthrow. . It is sometimes more important that appellate courts should adhere to a principle once laid down, so that decisions may be certain, than it is that a decision should be abstractly correct in its logic.

*By the Court.*—Orders affirmed.