SENTINEL-NEWS COMPANY, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*September 14—October 10, 1933.*

For the appellants the cause was submitted on the brief of *Max Raskin,* city attorney, and *William F. Quick,* first assistant city attorney.

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* and *W. J. Mc-Gowan* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

FRITZ, J. Plaintiff seeks equitable relief enjoining the defendants from further prosecuting certain actions and commencing additional actions to recover penalties under a zoning ordinance of the city of Milwaukee, and from otherwise enforcing that ordinance as applicable to plaintiff's established method of distributing its newspapers in residential districts of that city. Briefly stated, in so far as necessary for consideration of the proposition involved on this appeal, there are allegations in the complaint to the following effect:

That for many years prior to and continuously since the adoption of a zoning ordinance and amendments thereto by the city of Milwaukee, the plaintiff and its predecessors in the business now owned and conducted by it, distributed their newspapers for delivery by their carrier boys in residential districts to certain private garages, where the boys called for them in an orderly manner, which was not noticeable or harmful to the owners of abutting property; that it was essential to plaintiff's business that its papers be distributed at such places for delivery to subscribers residing in such districts; that defendants wrongfully claim that such distribution by plaintiff to its carriers "constitutes a violation of said zoning ordinance," when in fact such distribution is not in any way a violation of such ordinance and does not constitute the use of property contrary to the ordinance; that defendants have filed complaints and procured

warrants to be issued and threaten to prosecute plaintiff in actions charging plaintiff with violations of such ordinance, which provides for penalties and imprisonment for violations thereof; that the prevention of such distribution of its newspapers by plaintiff would cause plaintiff to lose large sums of money and would materially interfere with the conduct of its business, and the distribution of its newspapers, and would be a deprivation of property of the plaintiff without due process of the law, and would deny plaintiff the equal protection of the law, contrary to the Fourteenth amendment of the constitution of the United States and contrary to the provisions of the constitution of the state of Wisconsin; that the enforcing of the ordinance in the manner in which it is sought to be enforced by defendants is not necessary for the protection of the public health, safety, or morals, and is an unreasonable and arbitrary deprivation of the rights and property of the plaintiff; and that the prosecution of plaintiff under such ordinance will interfere with the proper conduct of its business and cause it great expense, for which it has no adequate remedy at law.

It has become well established in this state that equity has jurisdiction to interfere by injunction and prevent prosecutions for misdemeanors or violations of municipal ordinances when such prosecutions are resorted to, or threatened, as a means of preventing the enjoyment of property rights and there is no other way of adequately remedying the mischief. *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870; *Joseph Schlitz Brewing Co. v. Superior,* 117 Wis. 297, 93 N. W. 1120; *Pinkerton v. Buech,* 173 Wis. 433, 181 N. W. 125.

In many of the cases in this state and elsewhere in which such jurisdiction was exercised, the prosecutions which were enjoined were brought under ordinances which were held unconstitutional and void on their face. However, though an ordinance may not be void on its face, injury fully as great and irreparable, and as to which there is otherwise no

adequate remedy at law, may likewise result from a multiplicity of prosecutions wrongfully instituted in that it is wrongfully sought to apply an ordinance to conduct which is not within its inhibitions, or to conduct to which it is not necessary to extend the application of the ordinance for the protection of public health, safety, or morals, and such application or extension will result in unreasonable and arbitrary deprivation of a plaintiff's rights and property.

To prevent such injury, it was held in *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, and in *Dobbins v. Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18, 49 Lawy. Ed. 169, that "although an ordinance might be lawful upon its face, and apparently fair in its terms, yet, if it was enforced in such a manner as to work a discrimination against a part of the community, for no lawful reason, such exercise of power would be invalidated by the courts." In *City Council of Augusta v. Loftis,* 156 Ga. 77, 85, 118 S. E. 666, 670, the court said:

"Ordinances may be unreasonably administered to the injury of another, in which case its administration becomes void. *Loeb v. Jennings,* 133 Ga. 796, 67 S. E. 101, 18 Ann. Cas. 376. The courts will enjoin the unreasonable and arbitrary administration of a reasonable and valid ordinance."

In *Joseph Schlitz Brewing Co. v. Superior, supra,* this court in applying the rule "that equity may enjoin such prosecutions where they are resorted to or threatened as a means of preventing the enjoyment of property rights, and there is no other way of adequately remedying the mischief," said:

"Under this rule, we think that, conceding that the ordinance in question is void *or not applicable* to the plaintiff, the complaint states a good cause of action in equity."

Thus this court then recognized that the inapplicability of an ordinance to a plaintiff may also afford sufficient basis for his maintaining an action invoking the exercise of equi-

table jurisdiction to enjoin a multiplicity of wrongful prosecutions thereunder. Under that rule, in view of the allegations in the complaint that the ordinance in question is not applicable to plaintiff in that its conduct is not in any way a violation of the ordinance or contrary thereto, the plaintiff has sufficiently stated a good cause of action for equitable relief to enjoin a multiplicity of prosecutions which unless enjoined will subject it to great and irreparable injury, and as to which it has otherwise no adequate remedy at law.

*By the Court.*—Order affirmed.