**CITY OF HOUSTON et al., Appellants,**

v.

**W. S. ADAMS et al., Appellees.**

No. 13442.

Court of Civil Appeals of Texas.

Houston.

July 2, 1959.

Rehearing Denied July 23, 1959.

R. H. Burks, City Attorney; Homer T. Bouldin, Asst. City Atty., Houston, for appellants.

Bradshaw & Bradshaw, John Bradshaw, Houston, for appellees.

WERLEIN, Justice.

This suit was instituted by appellees on behalf of themselves and all persons similarly situated, as a class, against appellants for a permanent injunction and a temporary injunction pending a final hearing, enjoining appellants from enforcing or attempting to enforce the following ordinance:

"Section 1: That Section 3–25 of the 1958 Code of Ordinances of the City of Houston be and the same is hereby amended so that it shall hereafter read as follows:

"It shall be unlawful, except as provided in Sections 3–26 and 3–28 hereof, for any person to keep, possess or maintain in the city limits of the city any chickens, turkeys, geese, ducks, peafowls, or any other bird or fowl, except parakeets, canaries or similar size birds, or any pens, enclosures, or other structures in which any such fowls are kept or possessed within one hundred feet of any actual residence or habitation of human beings, or within one hundred feet of any church, school or hospital, other than the residence of the keeper, possessor or owner of such fowls, such distance of one hundred feet to be measured in a straight line from the nearest point of any pen, enclosure, or other such structure in which such fowls are kept to the nearest point of such actual residence or place of human habitation, or church, school or hospital, other than that of the keeper, possessor or owner of such fowls.

"Section 2: There exists a public emergency requiring that this ordinance be passed finally on the date of its introduction, and the Mayor having in writing declared the existence of such emergency and requested such passage, this ordinance shall be passed finally on the date of its introduction, this 13th day of August, A.D. 1958, and shall take effect immediately upon its passage and approval by the Mayor."

Appellees alleged that such ordinance was invalid and unconstitutional, arbitrary, unreasonable and capricious and that its enforcement deprived them of their property without due process of law. Appellants denied that the ordinance was unconstitutional or invalid for any reason. Only Section 3–25 of the ordinance as amended, without the exceptions provided in Sections 3–26 and 3–28, appear of record herein.

The Trial Court granted a temporary injunction commanding appellants to desist from prosecuting or further prosecuting appellees, or any other person living within the city limits of the City of Houston, for violations of said ordinance.

The case is before us without a statement of facts and without any findings of fact or conclusions of law other than the findings and conclusions contained in the order granting the temporary injunction. In such order the Court stated:

"The Court finds further that under and by virtue of this ordinance the City of Houston, acting through its officers and courts are prosecuting and threatening to prosecute and will prosecute the plaintiffs and all those in the City of Houston who keep, possess or maintain one or more of the birds, fowls, pens or enclosures mentioned in said ordinance, and that W. S. Adams has approximately fifty such prosecutions pending against him and R. B. Bergman has approximately twenty-five such prosecutions pending against him, and that the city, through its agents, intends to enforce such ordinance and that those possessing such fowls have no alternative except to dispose of such properties in order to avoid such prosecutions.

"The Court finds further upon the basis of the evidence adduced at this hearing that there is a probability that the applicants for the injunction would secure a finding by a jury upon a trial on the merits for permanent injunction that the mere keeping, possessing or maintaining of one or more birds or fowls, other than parakeets or canaries, or similar size birds, or pens or enclosures in which they are kept within 100 feet of the nearest residence, church, school or hospital, regardless of the condition of sanitation under which they are kept, possessed or maintained, has no substantial relation to the public health, safety, welfare, or comfort, and that the ordinance is unreasonable, arbitrary and capricious; and further, that there is a multiplicity of prosecutions under this ordinance threatened by the City of Houston, placing those having one or more of said birds, fowls or pens in terror of the law, and that to compel them to dispose of said properties is an unwarranted invasion of the property rights of said persons, depriving them of their property without due process of law."

The Court concluded that for the foregoing reasons the temporary injunction should issue, and so ordered. Appellants duly perfected their appeal to this Court. They also applied to the Court of Criminal Appeals of Texas in State of Texas ex rel. Richard H. Burks, City Attorney, et al., Relators, v. Thomas J. Stovall, District Judge, et al., Respondents, for a writ of prohibition to prohibit Judge Stovall, who had granted the temporary injunction, from making any order in the case other than to dissolve the injunction or dismiss the petition for want of jurisdiction and to prohibit appellees from prosecuting the injunction. The Court of Criminal Appeals [324 S.W.2d 874], in denying the writ of prohibition, stated that it did not clearly appear that the District Court was without jurisdiction to entertain the suit for injunction. The Court did not pass upon the constitutionality of the ordinance, but held that if it is unconstitutional, the owners of fowls, birds and pens in the City have a property right therein which a court of equity may protect from invasion by the attempted enforcement of such void ordinance, without interfering with the jurisdiction of the Court of Criminal Appeals. We are in accord with such holding. The Court further stated that the jurisdiction of the District Court to entertain the suit for injunction was not questioned in that Court.

Appellants' contentions on this appeal are that the Trial Court had no power or jurisdiction to grant the temporary injunction in effect restraining the enforce-

ment of a penal ordinance presumably valid without pleading and proof that it had been adjudged unconstitutional or was void on its face, and that its enforcement would constitute an invasion of appellees' vested property rights, and further that the Trial Court erred in making the foregoing findings and in granting the temporary injunction since it in effect disposed of the case, and also because appellees had an adequate legal remedy.

Appellees conceded in their argument before this Court that a court has no power or jurisdiction on a hearing for temporary injunction to determine the constitutionality vel non of a penal ordinance not void on its face. They assert, however, that if on such hearing it appears probable that when the case is tried on its merits evidence will be adduced from which the court may find the ordinance which invades their property rights is unreasonable, a temporary injunction may properly be granted to maintain the status quo until it is determined whether or not the ordinance is valid.

In Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217, 219, the Commission of Appeals, through Judge Hickman, stated:

"As a general rule, courts of equity will not enjoin a criminal proceeding. It is the function of courts of law created for the purpose of trying criminal cases to pass upon the validity of criminal statutes or ordinances. Courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute or ordinance only when same is void and when its enforcement invades a vested property right of the complainant."

See also State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178; State ex rel. McNamara v. Clark, 79 Tex. Cr.R. 559, 187 S.W. 760; Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204, writ ref., n. r. e.; City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 336, 28 S.W. 528. Other authorities to the same effect are correlated under 21–A, Texas Digest, Injunction ⚖105(2).

We quote from the opinion of the Court of Criminal Appeals in State ex rel. Burks v. Stovall, supra, as follows [324 S.W.2d 876]·

"Applying this rule, injunctions restraining the enforcement of void ordinances were upheld on appeal in: City of Houston v. Richter, Tex.Civ.App., 157 S.W. 189 (requiring journeymen plumbers to procure license and give bond); Dibrell v. City of Coleman, Tex.Civ.App., 172 S.W. 550 (prohibiting the keeping of hogs in a sparsely settled portion of the city); City of Dallas v. Urbish, Tex.Civ.App., 252 S.W. 258 (failure of workers to have a building permit); Stone v. Kendall, Tex.Civ.App., 268 S.W. 759 (prohibiting excavations for removing gravel); Bielecki v. City of Port Arthur, Tex. Com.App., 12 S.W.2d 976 (public dance hall within *100* feet of private residence)." (emphasis ours) [324 S.W. 2d 876.]

■ The present case is distinguishable from Flowers v. Woodruff, supra; Kemp Hotel Operating Co. v. City of Wichita Falls, supra; Bell Dental Lab. v. Walton, Tex.Civ.App., 307 S.W.2d 342, ref. n. r. e.; Stecher v. City of Houston, Tex.Civ.App., 272 S.W.2d 925, ref. n. r. e.; City of Graham v. Seal, Tex.Civ.App., 235 S.W. 668, writ dism.; and similar cases, in which it clearly appears that a prosecution under the statute or ordinance involved did not constitute an invasion of vested property rights. Appellees alleged that the City is forcing and compelling them to dispose of their fowls and pens under penalty of prosecution for disobedience, and the Court so found as hereinabove stated. In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the Court's findings. Lane v. Fair Stores, Inc., 150 Tex. 566, 243. S.W.2d 683.

■ As stated in Bielecki v. City of Port Arthur, Tex.Com.App., 12 S.W.2d 976, 978, "A citizen has a lawful right to use his property for any purpose he may see fit, so long as such use does not operate to substantially injure the rights of others. A denial of the right of a citizen to so use his property is a deprivation of the property itself, hence falls within the protection afforded by the due process clauses of both State and Federal Constitutions." In that case a temporary injunction was granted by the court enjoining the City from prosecuting plaintiffs under an ordinance declaring a building used as a public dance hall to be a nuisance if located within 150 feet of a private residence, regardless of whether such dance hall was so operated as to constitute a nuisance in fact. Upon final hearing the court refused to restrain the defendants from enforcing the ordinance, and dissolved the temporary injunction. The trial court's judgment was affirmed by the Court of Civil Appeals. The Commission of Appeals reversed both the trial court and the Court of Civil Appeals, holding that there is no statute in this State declaring public dance halls to be nuisances, nor were they such at common law, and that a city cannot by an arbitrary standard declare that to be a nuisance which is not so in fact. The Court quoted from the opinion of Chief Justice Cureton in Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 813: "'A citizen's property, not a nuisance within itself or under the common law, cannot be destroyed without the judgment of a court finding that it is in fact a nuisance.'"

■ Chickens and the other birds or fowls proscribed in the ordinance are property. It is no answer to appellees' allegations to say that the City does not purpose to take the fowls from their owners. The repeated prosecutions and penalties imposed and threatened, unless enjoined, will force appellees to dispose of their fowls and thus deprive them of their property and the use thereof. Dibrell v. City of Coleman, Tex. Civ.App., 172 S.W. 550, writ ref.; Sam's Loan Office, Inc., v. City of Beaumont, Tex.Com.App., 49 S.W.2d 1089.

We think the Trial Court properly held that the ordinance invaded appellees' property rights. Whether under such holding the Court erred in granting the temporary injunction without finding the ordinance unconstitutional, presents a very close question for the determination of this Court. It is apparent, that neither the Trial Court nor the Court of Criminal Appeals passed upon the constitutionality of the ordinance, and this Court expressly disclaims any intention of doing so. Since the ordinance is penal, this Court would be obliged to follow the construction as to its validity placed thereon by the Court of Criminal Appeals had that Court undertaken to construe it.

■ Section 28 of Article 1 of our State Constitution, Vernon's Ann.St., prescribes that, "No power of suspending laws in this State shall be exercised except by the Legislature." As stated by Justice Hickman in State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272, 276, "That is an express denial to the judicial branch of government of any power to suspend any valid statute. Not only may judges and courts not suspend a statute, but neither may they supervise and direct the manner and method of its enforcement by the officers of the executive department of government charged with the duty of enforcing same." We see no inhibition in the foregoing Constitutional provision against granting a temporary injunction under the Court's findings of fact in this case, despite the legal presumption of the validity of the ordinance.

We do not question the constitutional power of the city, under its charter, to enact ordinances in the interest of public health. In the present case although neither the ordinance nor its title nor its emergency clause states that it was passed in the interest of public health and welfare, we shall assume it was.

We think Ex parte Naylor, 157 Tex.Cr.R. 355, 249 S.W.2d 607, and Ex parte Broussard, 74 Tex.Cr.R. 333, 169 S.W. 660, L.R.

A. 1918B, 1091, relied on by appellants, are distinguishable from the instant case. In Ex parte Naylor the appellant was convicted on a charge that he kept chickens and conducted a slaughter business within the city limits contrary to the ordinance. The case did not involve the granting of a temporary injunction. The facts in that case amply supported a finding that the appellant created a health hazard and his business constituted a nuisance in a residential section of the city. In the present case the Court found that there was a probability that a jury would find that the ordinance had no substantial relation to the public health, safety, welfare or comfort. It should also be observed that the ordinance in question would prevent the keeping of any of the proscribed fowls or birds not only within 100 feet of a residence, as in Ex parte Naylor, supra, but within that distance of a church where meetings are only occasionally held, without regard to the sanitary conditions under which they are kept.

The cases of City of Austin v. City Cemetery Ass'n, supra, and Malone v. City of Houston, supra, relied upon by appellants, are distinguishable in that the penalties imposed by the respective ordinances in those cases were not leveled at the mere possession of property, as in the instant case, but only at certain uses or sales thereof. In the Malone case this Court stated that the ordinance substantially prohibited the sale to any child under the age of eighteen of a crime comic book, and that the only penalty provided was imposed upon any person selling or displaying for sale "comic books" within designated categories. The Court concluded also "that the appellants' suit must fail because of their failure to allege or prove irreparable injury." [278 S.W.2d 206.] The ordinances in those cases did not force the owners to dispose of their property and thus deprive them thereof.

Appellants' contention that appellees have an adequate legal remedy is hardly tenable in view of a total of 75 prosecutions against only two of the appellees. In City of Houston v. Richter, supra, in which a temporary injunction was granted, the plaintiffs, some 46 in number, suing for themselves and others similarly interested, alleged that they were threatened with successive and continuous prosecutions unless they ceased to carry on their business or complied with the illegal requirements of the ordinance. This Court stated:

"It seems entirely clear that the only adequate relief, if not the only relief at all, from such successive prosecutions is by the remedy of injunction. An investigation of the authorities leads to the conclusion that in such case, and especially when, as here, such prosecution will seriously impair, if not destroy, appellees' property rights, equity will interfere by the writ of injunction to prevent a multiplicity of suits. To put each of the parties to his remedy of a defense to such prosecutions by setting up the invalidity of the ordinance does not, in fact, afford him full, complete, and adequate relief." [157 S.W. 192.]

Moreover, both appellants and appellees assert that they are entitled to a jury trial on the fact issues. This right would not be accorded to them, as stated by the Court of Criminal Appeals, were they relegated to habeas corpus proceedings to test the validity of the ordinance. In the event of a jury trial, the Court will have to determine as a matter of law whether or not the ordinance is reasonable, based upon the jury's fact findings. City of Austin v. Austin City Cemetery Ass'n, supra.

Transport Company of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, was a proceeding to set aside an order of the Railroad Commission of Texas amending a certificate of a motor carrier, wherein the petitioner sought a temporary injunction against the operation by the carrier under the Commission's order. The judgment of the trial court granting the temporary injunction was reversed by the Court of Civil Appeals. 256 S.W.2d 134. The Supreme Court reversed the judgment

of the Court of Civil Appeals and reinstated the temporary injunction. See the opinion of the Supreme Court for a clear and succinct statement of the cardinal rules relating to the issuance of a temporary injunction.

■ Applying such rules to the present case, we are of the opinion that the Trial Court did not abuse its discretion in determining that appellees showed a probable right and a probable injury, which warranted the issuance of the writ of injunction in question, and that if on a final trial is be found that the writ of injunction was improvidently granted, appellants will be protected by appellees' bond. The temporary injunction merely preserves the status quo of the subject matter of the suit pending the final trial of the case on its merits. The record does not indicate that any harm will probably result to appellants or to the public by reason thereof. The Trial Court could not assume that the evidence on the final trial would be the same as the evidence introduced on the hearing for temporary injunction, and hence any decision at that time with respect to the constitutionality or validity of the ordinance would have been premature.

See also 43 C.J.S. Injunctions § 119, p. 657, where it is stated:

"Where a strong showing of the invalidity of a statute or ordinance is made a temporary injunction may be issued to restrain enforcement thereof pending trial, particularly where it is clear that greater injury would be done by refusing such injunction than by granting it, as where such enforcement pendente lite might result in the imposition of enormous penalties, or the forfeiture of valuable property rights, for which no redress could be later had for the injury done."

Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 520, 84 L.Ed. 774, was an action brought against the Commissioner of Agriculture for the State of Florida to enjoin the enforcement of the Growers' Guarantee Law. From a judgment granting a temporary injunction, an appeal was taken. The United States Supreme Court, through Mr. Justice Roberts, stated:

"We think the court committed serious error in thus dealing with the case upon motion for temporary injunction. The question before it was not whether the act was constitutional or unconstitutional; was not whether the Commission had complied with the requirements of the act, if valid, but was whether the showing made raised serious questions, under the federal Constitution and the state law, and disclosed that enforcement of the act, pending final hearing, would inflict irreparable damages upon the complainants."

We have concluded that bona fide issues exist as to appellees' right to ultimate relief and that the Trial Court did not abuse its discretion in granting the temporary injunction. Appellants' Points of Error are overruled.

Affirmed.