THOMAS DEEHAN *vs.* BYRON B. JOHNSON.

Middlesex. Nov. 17, 1885. — Jan. 11, 1886. DEVENS & GARDNER, JJ., absent.

Mandamus will not lie to compel the mayor of a city to sign a license, granted by the board of aldermen of the city to the petitioner, to be a common victualler, if the mayor is not satisfied that the petitioner has complied with all the provisions of the Pub. Sts. *c.* 102, § 8, so as to entitle him to a license.

PETITION for a writ of mandamus, to compel the mayor of the city of Waltham to sign a license granted to the petitioner by the board of aldermen of Waltham, to be a common victualler. The case was heard upon petition and answer, and reserved, by *W. Allen*, J., for the consideration of the full court. The facts appear in the opinion.

*T. Curley*, for the petitioner.

*T. H. Armstrong*, for the respondent.

C. ALLEN, J. By the Pub. Sts. *c.* 102, § 2, the authority of the mayor and aldermen (that is, the board of aldermen, by virtue of the St. of 1882, *c.* 164) to grant licenses to persons to be common victuallers is qualified by the succeeding provisions, that "no such license shall be issued until it has been signed by

the mayor," &c., and that "a mayor . . . may refuse to sign a license to a person who in his opinion has not complied with the provisions of this chapter;" namely, that "no common victualler's license shall be granted or issued to any person, unless at the time of making application therefor he has upon his premises the necessary implements and facilities for cooking, preparing, and serving food for strangers and travellers." Pub. Sts. c. 102, § 8. This has the effect to put a separate responsibility, or at least to confer a separate power, upon the mayor, and plainly distinguishes this case from *Braconier* v. *Packard*, 136 Mass. 50, which arose under a statute making it the duty of the mayor to sign licenses which had been properly granted, that is, granted by the board of aldermen.

It is urged in argument, that, when a mayor refuses to sign a license on this ground, he ought to assign this ground as a reason for his refusal; and that the act of the mayor in the present case, in refusing to sign a license to the petitioner, cannot be considered as having been placed on this ground, but must be deemed to have rested on the general ground of his right to veto all votes and orders of the board of aldermen. However this may be, the present petition is for a writ of mandamus to compel the mayor to sign the license now; and the mayor declares in his answer, that he is not now, and never has been, satisfied that the petitioner had fully complied with all provisions of law so as to entitle him to a license. This averment is to be taken as true. The case was heard on the petition and answer; and all controversy as to the truth of the averments of the answer was waived. *Perkins* v. *Nichols*, 11 Allen, 542. The effect of the petition, therefore, is to seek a writ of mandamus to compel the mayor now to sign the license, when the mayor is not now satisfied that the petitioner has complied with all the provisions of law so as to entitle him to the license. But the statute in terms declares that, in such case, the mayor may refuse to sign a license. The result is, that the application for a writ of mandamus must be refused. *Petition dismissed.*