## Bryan et al. *v.* DeMoss.

[No. 5,402. Filed January 24, 1905.]

1. Intoxicating Liquors.—*License.*—*Judicial Proceeding.*—The proceeding to obtain a license to sell intoxicating liquors under the statutes is a judicial proceeding in the nature of a civil action. p. 475.
2. Same. — *Remonstrance.* — *Sufficiency.* — Where the remonstrators sign a remonstrance against the grant of a liquor license, it is not necessary to show in the remonstrance that they are residents of the ward or township, or that they constitute a majority of the voters of such ward or township. p. 475.
3. Same.—*Application.*—*Remonstrance.*—*Sufficiency.*—Where an application was made for license to sell intoxicating liquors at a certain place in the "first ward," and a remonstrance was filed against the granting of license to such applicant to sell liquors in "aforesaid ward," such remonstrance was sufficient. p. 475.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Application by Enos S. De Moss for license to sell intoxicating liquors, to which William L. Bryan and others file

a remonstrance. From a judgment of the circuit court reversing a judgment of the board of commissioners refusing such license, the remonstrants appeal. *Reversed.*

*Duncan & Batman,* for appellants.
*J. E. Henley,* for appellee.

Roby, J.—The appellee petitioned the board of commissioners of Monroe county for a license to sell spirituous, vinous, malt or other intoxicating liquors at his place of business, specifically described, and situated in the first ward of the city of Bloomington, in Bloomington township, Monroe county, Indiana. A remonstrance against the issuance of such license was filed. It was signed by a large number of persons, and was in words and figures as follows: "Individual remonstrance against a certain applicant. We, the undersigned residents and voters in Bloomington township, Monroe county, and in the city of Bloomington, State of Indiana, hereby remonstrate against the granting of a license to Enos S. DeMoss upon his application to sell spirituous, vinous, malt or other intoxicating liquors in said aforesaid ward." Such proceedings were had on said petition and remonstrance as resulted in a judgment being rendered by said board of commissioners in favor of said remonstrators and against said petitioner.

Thereupon the petitioner appealed to the circuit court, where he filed a motion to dismiss said remonstrance, which motion was by the court sustained, and said remonstrance thereupon dismissed. The grounds of such motion were: (1) That "said alleged remonstrance does not purport to be a remonstrance by the subscribers against granting a license to the applicant herein to sell spirituous * * * liquors within the first ward of the city of Bloomington, Monroe county, Indiana. (2) That said remonstrance is no bar to the application herein. (3) Said alleged remonstrance is not directed to any one of the political or civil subdivisions, as is required by section nine of the so-called

Nicholson law.    (4) That said alleged remonstrance is null
and void as against the application herein.    (5) Said al-
leged remonstrance does not show on its face that any of the
subscribers thereto resides in or is a voter in the first ward
of the city of Bloomington, Monroe county, Indiana."

Pending the decision of such motion the remonstrators
prayed leave to amend the remonstrance by inserting the
words "the first ward" twice—once addressed to the resi-
dences of the remonstrators, and once to the place of sale.
The leave to amend was denied, the remonstrance dismissed,
and license thereafter issued as prayed.

1.    The proceeding to obtain a license to sell intoxicating
liquors under the statute is a judicial proceeding in the
nature of a civil action.    *Castle* v. *Bell* (1896), 145 Ind. 8;
*Ludwig* v. *Cory* (1902), 158 Ind. 582-589; *White* v. *Fer-
guson,* 29 Ind. App. 145-158.

2.    Section nine of the act of 1895 (Acts 1895, p. 248),
under which the appellants remonstrated against the issu-
ance of license to the appellee, "does not prescribe what
the form or language of the remonstrance shall be, nor what
its allegations shall be.    It does require that the remon-
strance shall be against the granting of the license, and that
it shall be signed by a majority of the legal voters of the
township or ward.    But it does not require the body of the
remonstrance to state that fact, or that they are legal voters
of the township or ward.    *    *    *    In the very nature of
things such a statement    *    *    *    was never contem-
plated, because no remonstrator, when called on to sign such
a remonstrance, can know that when his name is signed it
contains the names of a majority of the legal voters of the
township or ward."    *Head* v. *Doehleman* (1897), 148 Ind.
145, 147.    It follows that the remonstrance was not insuffi-
cient in statement relative to the residence of the remonstra-
tors.

3.    The application by appellee was for a license to sell
intoxicating liquors in the "first ward" of said city.    A re-

monstrance was filed before the board of commissioners against the granting of a license to appellee upon his application to sell intoxicating liquors in the "aforesaid ward." The connection was obvious. If a suit were brought upon a promissory note an answer by the defendant that he had fully paid "said note" before the commencement of the action would be no more uncertain than the averments of this remonstrance. The remonstrance being sufficient on its face, it becomes unnecessary to determine whether the court abused its discretion in refusing to allow amendment.

Judgment is reversed, and the cause remanded, with instructions to overrule appellee's motion to dismiss, and for further consistent proceedings.

WILEY, J.—I concur in the conclusion, but am of the opinion that the remonstrance in its present form is insufficient. The court below should have permitted appellants to amend the remonstrance by inserting the words "in the first ward of." An amendment of a remonstrance on an appeal from the board of commissioners is allowable. *Stockwell* v. *Brant* (1884), 97 Ind. 474; *Hardesty* v. *Hine* (1893), 135 Ind. 72.