SAMUEL BERGER v. A. B. DELOACH ET AL.

Decided November 5, 1908.

**Injunction—Appeal—Interlocutory Order.**

On the filing of a petition for injunction the court set a day, giving notice to the parties, for hearing as to the granting of a temporary writ, upon which hearing it was refused. Held that no appeal lay from such interlocutory order, the right thereto existing only as to final orders granting or dissolving temporary injunctions.

Appeal from the District Court of Bowie County. Tried below before Hon. R. W. Simpson.

*Todd & Hurley,* for appellant.

*Thomas N. Graham,* for appellees.

LEVY, ASSOCIATE JUSTICE.—Appellant brought this suit by petition or bill for injunction to restrain the members of the city council of the city of Texarkana, Texas, from "closing or in any manner interfering with the operation of plaintiff's business" in pursuit of his occupation as a retail liquor dealer at No. 210 Broad street in the said city; also for mandamus to compel said city council to grant him a license to pursue said occupation at said place. Upon the presentation of the petition, on August 19, 1908, to the district judge at chambers, he made the order fixing August 22 at 9 o'clock at chambers as the time and place for hearing and determining whether the relief prayed for should be granted, and requiring the clerk to forthwith serve the defendants in the suit with notice. At the time and place named all the parties appeared, the defendants filed answer, and the judge heard the evidence, and thereafter rendered his judgment refusing the relief prayed for, and such judgment was entered upon the record. Appeal was taken by the plaintiff in the suit from the action of the judge.

*After statement of the facts.*—This appeal is taken under Acts of 1907, page 206, authorizing appeal from interlocutory judgments granting or dissolving injunctions. The appellees moved to dismiss the appeal. In reply to appellees' motion to dismiss, the appellant says that the action of the judge in assuming jurisdiction, fixing a time and place for hearing, and notifying defendants to appear and show cause, constituted in legal effect the granting of a temporary restraining order, or limited injunction restraining defendants, until such hearing, from taking any action interfering with plaintiff's business, and the order of the judge, August 22d, refusing the relief prayed for was, in legal effect, the "dissolution" of such preliminary injunction.

It might be a proper legal contention in a given proceeding that the recited action and order of the judge had the legal effect of preserving the status quo and protecting the plaintiff's rights, if any he had, pending the interim of hearing on August 22d; but we are of the opinion that the statute provides only for an appeal from the final order of the judge wherein a temporary injunction may be granted or dissolved in the suit. Baumberger v. Allen, 101 Texas, 352; Walstein v. Nicholson, 47 Texas Civ. App., 359.

The appeal was ordered dismissed.

*Dismissed.*