SAM BERGER v. A. B. DELOACH, MAYOR, ET AL.

Decided June 24, 1909.

**City Charter—Liquor Dealer's License—Discretion of Council—Mandamus.**

A city charter granted to its council the right to regulate saloons, licenses for but two of which in any half block were to be granted. Where more than two applications for licenses within such limits were made, the city council was to determine which should be accepted "upon the question or point of priority of the making of such application, and for any other good and sufficient reason, and the action of said city council shall be final." An applicant for license sought to compel its issuance by the council by writ of mandamus on the ground that they had arbitrarily and without reason granted same to one applying at a later date than himself, there being three applicants for license within the half block. Held:

(1) That the burden was upon plaintiff to show himself entitled to the relief sought and abuse of its authority by the council.

(2) Abuse of such discretion was not shown by proof that the council did not discuss the question of priority of application nor give any reason for their conduct.

(3) Without reference to whether the council abused its discretion, its action in refusing plaintiff license was made final by the terms of the charter and was not to be controlled by the courts.

Appeal from the District Court of Bowie County. Tried below before Hon. R. W. Simpson.

*Todd & Hurley,* for appellant.—The court erred in rendering final judgment refusing the relief prayed for by plaintiff and holding, under the pleadings and admitted facts in this case, that the action of the city council of the city of Texarkana, Texas, in refusing license to plaintiff, was final, and was the proper exercise of judicial discretion. Millikin v. City Council, 54 Texas, 388; Sansom v. Mercer, 68 Texas, 488; Brown v. Ruse, 69 Texas, 590; Kimberly v. Morris, 31 S. W., 812-14; Gaal v. Townsend, 77 Texas, 464; May v. Finley, 91 Texas, 352; Town of Pearsall v. Woolis, 50 S. W., 959; 3 Rose's Notes, 853; 2 Lewis' Suth. Stat. Const., sec. 380, p. 73; Crary v. Port Arthur Dock & C. Co., 92 Texas, 281; Arberry v. Beavers, 6 Texas, 457; Dean v. Campbell, 59 S. W., 294; Harrison v. Dickinson, 113 S. W., 776; Ex parte Levy, 43 Ark., 42; Ex parte Virginia, 100 U. S., 339; State v. St. Louis Sch. Board, 131 Mo., 505.

*R. P. Dorough,* City Attorney, and *T. N. Graham,* for appellees.— The city council of the city of Texarkana is by its charter vested with the judicial discretion of refusing or granting retail liquor dealers' licenses to applicants, and is required by law to exercise such discretion where more than two applications for such license are placed before it asking license in the same one-half block. Charter of City of Texarkana, Texas, Special Laws Thirtieth Leg., sec. 130, p. 849; Paul v. State, 106 S. W., 448; Bryan v. DeMoss, 73 N. E., 156.

The finding of said city council, refusing appellant's license, was and is the final judicial adjustment of the matter of the granting or refusing a license to appellant and the other two persons applying therefor. Said city council was fully authorized to hear, adjudicate upon and determine all matters committed to it by said charter. Dobbins v. City of San Antonio, 2 Posey, U. C., 713; Wallace v. Turner, 89 S. W., 434; Irish v. State, 34 Texas Crim., 130.

It is not the natural right of any man to engage in the retail liquor business. Bryan v. DeMoss, 73 N. E., 156; Fanning's License, 23 Pa. Sup. Ct., 622.

The city council may on its own knowledge refuse one having county license. City of Centerville v. Gayken, 104 N. W., 910; Paul v. State, 106 S. W., 448.

The jurisdiction of the city council in this matter was exclusive. Henderson v. Trimble, 8 Texas, 175-76; Templeton v. Ferguson, 89 Texas, 57; Martin v. Robinson, 67 Texas, 379.

The facts in this case by statute are resolved in favor of the judgment. Ragsdale v. Gross, 51 S. W., 257.

WILLSON, CHIEF JUSTICE.—By the Act to incorporate the city of Texarkana, approved May 2, 1907 (Special Laws, p. 823), power was conferred upon its city council "to make and enforce all needful regulations for saloons, dram-shops and other places where intoxicating liquors are sold or given away," and "to prescribe by ordinance that no intoxicating liquors shall be sold or given away within the corporate

limits of the said city in any certain prescribed district in said corporation in which there are more residents [residence (?)] than business houses." "Provided, however," the Act declares, "that at any one time not more than two saloons or retail liquor dealers shall ever be licensed or permitted to conduct a business in any one-half block, and by half block as herein used shall be held to mean that portion of a block between an alley and a street; and provided further, that when two licenses shall have been issued to a saloon or retail liquor dealer in any one-half block, that no saloon license or retail liquor dealer's license for any such one-half block· shall thereafter issue for the period of time or any part of the period of time thereby covered by such two licenses issued; and provided further, that in the event there should be at any time more than two applications to the city tax collector for the issuance of saloon or retail liquor dealer's license for any particular one-half block, as herein defined, it shall be the duty of the tax collector aforesaid to refer all such applications to the city council of the said city, which shall immediately determine which said two applications shall be accepted, which shall be determined upon the question or point of priority of the making of such application, and for any other good and sufficient reason, and the action of the said city council shall be final, and provided the city council may refuse to issue a license to a nonresident of the State." (Sec. 130, p. 849.) Applications for licenses to engage in the retail liquor business in the same one-half block were duly made to the city tax collector as follows: By Louis Mereto, May 2, 1908; by appellant Berger, June 2, 1908, and by Dan Gallagher, July 27, 1908. The applications having been referred by said tax collector to the city council as directed by the charter, that body refused to grant a license to appellant and granted licenses to Mereto and Gallagher. By his petition filed August 28, 1908, appellant sought to have issued a writ of mandamus "commanding and requiring the said defendants to grant plaintiff's said application and issue city license to him in accordance to law."

The grounds relied upon for the relief sought were, as stated in appellant's petition, that his application in point of time was prior to that of Gallagher, and that "no good reason was, is or could be, alleged why his application should not be granted and city license issued to him; yet nevertheless the defendants, acting as the city council of said city, . . . illegally, arbitrarily and without good or sufficient reason, and in violation of . . . provisions of the city charter, refused and rejected plaintiff's application for license and granted the application of the said Dan Gallagher." The relief sought was denied by the trial court, whereupon appellant prosecuted this appeal. From the record it apears that at the time he made the application for the license appellant was a resident of this State, had been engaged in the retail liquor business in Texarkana, Texas, for about six years, during which time he "had conducted a quiet, orderly and peaceable place of business, had never violated or been charged with violating any of the laws relating to the sale of intoxicating liquors," was a law-abiding citizen of good character, and then had a license from the State and county authorizing him to engage in the business. It further appears from the record that at the time the case was tried Gallagher had

pending against him three suits for penalties provided for a breach of his bond, and had had other suits for like penalties pending against him. It was shown by the testimony of appellees testifying as witnesses on the trial of the case, that when the several applications were before the city council, and before they were acted upon, said city council "did not mention or discuss the priority of filing said applications for license, and did not mention or discuss the qualification of either of said applicants, or mention or. discuss any cause or reason why either of said applications should be granted or refused;" that "a secret ballot was taken, each member of said city council writing two names from among the three applicants upon his ballot and casting his ballot in a hat," and that "after all five of said members (of the city council) had voted in this manner the ballots were counted, Dan Gallagher receiving five votes, Louis Mereto three and Sam Berger two votes, and it was declared by said council that licenses should be issued to Dan Gallagher and Louis Mereto, and should not be issued to Sam Berger, he having received the smallest number of votes." Neither before nor after the ballot was taken was a reason urged or in any way voiced before the council why appellant should not be granted the license he had applied for.

*After stating the case.*—From his brief we understand appellant to have abandoned the contention presented by his first assignment, that the charter granted the city of Texarkana, Texas, is unconstitutional, and therefore void, in so far as it declared "that at any one time not more than two saloons or retail liquor dealers shall ever be licensed or permitted to conduct a business in any one-half block" in said city.

The question left for consideration in disposing of the appeal is the one made by appellant's second assignment, where he insists that "under the law and facts it was the mandatory duty of the city council" to issue to him the license he had applied for. The contention urged is based upon the fact that appellant's application for a license was made before Gallagher applied for the license issued to him, and upon an assumption that the city council arbitrarily, and without a reason for doing so, refused to grant him a license.

We do not think the assumption referred to is warranted by the evidence as it appears in the record, and for that reason, if no other existed, would be of the opinion that the judgment of the lower court should be affirmed. If abuse by the city council of the discretion conferred upon it entitled appellant to the relief he sought, the burden was upon him clearly to show such abuse. Arberry v. Beavers, 6 Texas, 473, 19 A. & E. Ency. Law (2d ed.), p. 725. It does not appear from the record that he discharged such burden, in that it does not affirmatively appear that the city council, in refusing to grant his application for a license, acted arbitrarily and without a reason. The evidence was. that in acting upon the applications made to it the city council did not "mention or discuss" the "priority of filing" of same, nor the qualifications of the applicants, nor any reason why either of the applications should be granted or refused. It ought not to be assumed that reasons justifying their conduct, but not at the time "mentioned or discussed," did not exist. Sherlock v. Stuart, 21 L. R.

A., 582, note. The law did not require that the reasons influencing their conduct should be entered of record or in any manner declared. If a reason or reasons existed justifying their action, it should not be said that in acting upon them they abused the discretion conferred upon them, merely because they did not mention or discuss such reason or reasons in connection with their action. In re Knarr, 18 Atl., 640; Perry v. Salt Lake City, 11 L. R. A., 447. In the case last mentioned the council of Salt Lake City had been authorized "to license, regulate and tax the manufacturing, selling, giving away or disposing of in any manner any intoxicating liquor," and had refused to grant Perry a license to sell such liquors. He sought the writ of mandamus to compel the council to issue to him such a license. In refusing the relief prayed for the Supreme Court of Utah said: "The charter confers the power to regulate the traffic upon the city, without expressly requiring it to be exercised by ordinance. But it is said that the councilmen may act from mere whims, caprice, partiality or prejudice unless the regulation is by ordinance. The court should assume that public officers will act from proper motives until the contrary appears. It is also claimed that the court must presume that the council acted arbitrarily or without sufficient reason in refusing the license, because no reason appears upon its record. The court will not assume that the council refused the license arbitrarily and without sufficient reason, without some proof. Being public officers, and acting under the sanction of an oath, the court will assume that they acted lawfully, until the contrary appears."

There is, we think, another satisfactory reason why the judgment complained of should be affirmed. Without reference to whether it abused the discretion conferred upon it or not, we think the action of the council in refusing to grant the license appellant applied for was final.

In Crowley v. Christensen, 137 U. S., 86, 34 Law ed., 624, the Supreme Court of the United States, after declaring that there is no inherent right in a citizen to sell intoxicating liquor by retail, and that engaging in so selling such liquor is a business which might be "entirely prohibited or permitted under such conditions as will limit to the utmost its evils," added: "The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on and to issue licenses for that purpose." In the case before us, applications having been made to the city tax collector for licenses to establish more than two saloons in a one-half block, the power and duty to determine which two of the three applicants should be granted licenses was conferred by the Legislature upon appellees as the city council of said city of Texarkana, Texas, without restriction further than the direction to determine between such applicants according to the priority of their respective applications and "for any other good and sufficient reason." There can be no question that the exercise of the power so conferred was not merely ministerial, but involved discretion and judgment on the part of the city council. And we think there can be no doubt that it was the intention of the Legislature to confer it absolutely and free from

control on the part of any other tribunal, for in conferring the power the Legislature expressly declared that the "action of the city council shall be final." Having the power, as it unquestionably did (Giozza v. Tiernan, 148 U. S., 659, 37 L. ed., 601), to make a determination by the city council final, and having done so in so many words, we have been unable to appreciate the force, if any it has, of the contention made that the action of the council was not final, but on the contrary was subject to be controlled by another or other tribunals. We freely concede that, ordinarily, when a discretion is conferred, it may be so abused as to entitle a party injuriously affected by its exercise to relief by mandamus. But we have been referred to and have found no case like this one, where it has been held that another person or tribunal can correct an abuse of a discretion conferred, in the face of an express declaration on the part of the Legislature, having power to confer and conferring it, that when exercised by the person or tribunal upon whom it has been so conferred his or its decision shall be final. Such power as that conferred upon the city council "needs to be discretionary," said the court in Hover v. Roman, 33 Fed., 121, "but at the same time final and conclusive." The Legislature, it appears, took such a view of the matter when it conferred upon the city council the power exercised by it and here complained of. The lawmakers doubtless duly considered the fact that the discretion they were conferring might be abused, yet they not only did not provide a way in which to revise the action of the council and correct an abuse, but expressly declared the determination reached by that body should be final. In enforcing the legislative will we think the court below did not err. Ramagnano, v. Crook, 3 So., 847; Devin v. Belt, 17 Atl., 376; Sherlock v. Stuart, 21 L. R. A., 580, and note; Deehan v. Johnson, 6 N. E., 240; State v. Com'rs Cass Co., 10 N. W., 571; In re Knarr, 18 Atl., 639; Bryan v. DeMoss, 73 N. E., 156; McCormick v. Pfeiffer, 103 N. W., 31.

The judment is affirmed.

*Affirmed.*