**LARK et al. v. COYLE et al.  (No. 7213.)**

(Court of Civil Appeals of Texas. San Antonio. April 12, 1924.)

**1. Injunction ⬅118(1)—Allegations necessary to compel granting injunction without notice stated.**

Petition must state facts which show without aid of pleader's conclusions that petitioner's rights are so clear and exclusive, and necessity so pressing, and threatened injury so imminent, as to compel granting of injunction without notice to those to be affected thereby.

**2. Appeal and error ⬅71(3)—Order refusing temporary restraining order pending hearing for temporary injunction, not appealable; "order granting or refusing temporary injunction."**

Where application for temporary injunction was set for hearing six days later, but court refused order restraining defendants pending such hearing, order thereon was not an "order granting or refusing temporary injunction," within Acts 36th Leg. (1919) c. 17, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 4644), from which appeal lies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Order (in Practice).]

Appeal from District Court, McMullen County; T. M. Cox, Judge.

Action by Charles T. Lark and others against A. J. Coyle and others. From order refusing to enter order restraining defendants pending hearing, petitioners appeal. Appeal dismissed.

John W. Gaines and C. K. Quin, both of San Antonio, and Daugherty, Daugherty & Tarlton, of Beeville, for appellants.

White, Wilcox, Graves & Taylor, of Austin, for appellees.

SMITH, J. In this cause appellants filed their petition in the court below on April 2, 1924, alleging that they are the owners of a certain tract of land in McMullen county, bounded on the south or southwest by the Frio River; that said river is a nonnavigable stream, and that under the terms of the grant, under which appellants hold, their title extends to the land not only to the water's edge, but to the center of the stream. It is then alleged that appellees are engaged in drilling an oil and gas well, 12 inches in diameter, on the midline or filum aquæ of said river, and unless restrained, will "within a short time, perhaps not to exceed a week or 10 days, drill said well in on plaintiff's land," and that this would result in irreparable injury to appellants.

[1] While it is unnecessary in this opinion to pass upon the sufficiency of the petition, we deem it appropriate, in view of possible further proceedings, to say that in our opinion it is doubtful if the allegations in the

petition are so specific in the facts stated as to show, without the aid of the pleaders' conclusions, that appellants' rights are so clear and exclusive, their necessities so pressing, and the threatened injury so imminent, as to compel the granting of an injunction without notice to those to be affected thereby. Farb v. Theis (Tex. Civ. App.) 250 S. W. 290; Ry. Co. v. Asphalt Co. (Tex. Civ. App.) 256 S. W. 675. In the first mentioned case it was said that—

"The power reposed in the courts to grant injunctions is an extraordinary one, which should be used sparingly, with the utmost caution, and only where the necessity therefor is clearly and certainly shown. It should be exercised without notice to the persons sought to be restrained only when the necessity is pressing, and the threatened injury immediately imminent, and, if occurring, irreparable."

And in the other case the principle was stated in this language:

"In order to show itself entitled to the extraordinary remedy of injunction, and particularly so when it invoked that remedy without notice of those adversely affected thereby, it devolved upon the asphalt company to show by specific allegations, to be construed most strongly against it and in favor of its adversaries, that it was clearly entitled to such relief, and that its valuable rights were threatened with wrongful and immediate invasion and substantial irreparable injury. It was incumbent upon the petitioner to not only show the existence of such rights, and probable wrongful invasion thereof and substantial injury thereto, but it must go further and by affirmative allegations clearly negative the existence of facts showing equal or better rights in the adverse party. Gillis v. Rosenheimer, 64 Tex. 243; Holbein v. Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Town-Site Co. v. Norvell (Tex. Civ. App.) 187 S. W. 978; Weaver v. Emison (Tex. Civ. App.) 153 S. W. 923; King v. Driver (Tex. Civ. App.) 160 S. W. 416. The mere conclusion or general allegation of the pleader as to essentials will not suffice; the facts must be set out in such detail that the court can determine for itself whether the allegation is well founded. Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125; Farb v. Theis (Tex. Civ. App.) 250 S. W. 290."

[2] The plaintiffs below prayed that, "after notice to defendants, a temporary writ of injunction issue at once to defendants, restraining them" from. drilling said well, and "that, pending the time when such hearing be had on the application for the temporary writ, a restraining order issue restraining the defendants * * * from doing any of the acts complained of." The final prayer was for a perpetual injunction.

The petition was presented to the court, who set down the application for temporary injunction for hearing on April 8, six days later, but refused to enter an order restraining the defendants pending such hearing. The petitioners thereupon excepted to the ruling of the court "in refusing a temporary restraining order pending the hearing for a

temporary injunction" and appealed therefrom.

It is quite obvious that the order here complained of is not an order from which an appeal lies. It is not a case "wherein a temporary injunction" has been "granted or refused" as provided in article 4644, as amended in 1919 (Acts 36th Leg. [1919] c. 17, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 4644]), for the court did not grant or refuse · a temporary injunction, but set a day for a hearing upon that issue, which was the very order prayed for in the petition. Nor did appellants object or except to that order; on the contrary, the exception was "to the foregoing action of the court in refusing a temporary restraining order pending the hearing for a temporary injunction." Berger v. De Loach, 52 Tex. Civ. App. 242, 113 S. W. 557; Id., 56 Tex. Civ. App. 532, 121 S. W. 591.

The restraining .order heretofore entered in this court will be set aside, and the appeal dismissed.