**Gordon Dealey JACKSON et al., Appellants,**

**v.**

**Joseph A. LUBBEN et al., Appellees.**

**No. 18213.**

Court of Civil Appeals of Texas, Dallas.

Oct. 25, 1973.

Rehearing Denied Nov. 15, 1973.

Robert E. White, White, Cassell & Jackson, Dallas, for appellants.

Stephen Philbin, Locke, Purnell, Boren, Laney & Neeley, Dallas, for appellees.

GUITTARD, Justice.

This appeal complains of two interlocutory orders in a suit for injunctive and declaratory relief. After a hearing on May 25, 1973, the trial court denied plaintiffs' application for temporary restraining order and set a hearing on their application for temporary injunction for June 7. Defendants filed a plea in abatement alleging absence of certain indispensable parties. The court sustained this plea at a hearing on June 4, cancelled the temporary injunction hearing set for June 7, and ordered "all final and interlocutory proceedings in this matter, for injunctive and other relief" abated until the persons named in the plea in abatement were "named, joined, served as parties in this action and have entered their appearance through their counsel." Plaintiffs appeal from both the order denying the temporary restraining order and the order sustaining the plea in abatement.

Defendants moved to dismiss the appeal on the grounds that denial of the temporary restraining order was not appealable and that the order sustaining the plea in abatement is moot because the absent parties have since appeared and answered. We sustain defendants' motion.

Our jurisdiction in appeals from interlocutory orders granting or denying injunctive relief depends on the following

language of Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon 1952):

> Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or over-ruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Civil Appeals
> . . ..

Denial of a temporary restraining order means only that the trial court declines to grant immediate injunctive relief pending a hearing on an application for temporary injunction. It is not a refusal of a temporary injunction within the meaning of the statute and, therefore, is not appealable. Lark v. Coyle, 260 S.W. 1107 (Tex.Civ.App.—San Antonio 1924, no writ).

■ Plaintiffs contend that the court treated the proceeding as an application for temporary injunction by requiring notice to defendants and holding a hearing at which evidence was received and counsel for defendants, as well as counsel for plaintiffs, appeared and participated. These facts do not establish that the trial court actually denied a temporary injunction. On the contrary, the record shows that at the close of the hearing on May 25, the court set a hearing on the application for temporary injunction for June 7. The judge offered to hear further testimony from plaintiffs on their application for temporary restraining order on the following Tuesday, May 29, but counsel for plaintiffs said, "I don't see it would help me to come back Tuesday unless we hear the temporary injunction." It is clear from the record that neither the judge nor counsel considered that anything was before the court on May 25 except whether immediate relief should be granted pending a hearing on the application for temporary injunction. Consequently, the order announced on May 25 was not appealable.

■ The application for temporary injunction was never heard because on June 4 the court heard and sustained defendants' plea in abatement. Plaintiffs contend that this order was equivalent to a refusal of the temporary injunction because their application for immediate injunctive relief pendente lite was denied until such time as the additional persons named could be joined and had appeared. Whether or not this order was appealable, we agree with defendants that the appeal is now moot. A supplemental transcript tendered here shows that after the plea in abatement was sustained, all of the absent parties named in the plea filed written answers or other appearances in the trial court. Consequently, the order sustaining the plea in abatement no longer stands as an obstacle to plaintiffs' application for temporary injunction. Plaintiffs may now return to the trial court and obtain a hearing on their application for temporary injunction regardless of how we might decide the merits of this appeal.

■ Plaintiffs contend that we are not authorized to consider the supplemental transcript and they move to strike it because the documents contained in it were not filed until after the hearing on the plea in abatement and were not before the trial court when the order appealed from was entered. The motion to strike is overruled. Mootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from, and, consequently, the appellate court can only determine such a question on consideration of evidence of matters subsequent to such order. For that purpose the court may receive and consider extraneous proof. Travis County v. Matthews, 221 S.W.2d 347 (Tex.Civ.App.—Austin 1949, no writ); A. B. Richards Medicine Co. v. Avant, 275 S.W. 260 (Tex.Civ.App.—Beaumont 1925, no writ).

Appeal dismissed.