IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-390-CV





DANNY RAY HARRIS,



 APPELLANT


vs.





TEXAS DEPARTMENT OF CRIMINAL JUSTICE


AND TEXAS BOARD OF PARDONS & PAROLES, ET AL.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 93-08624, HONORABLE PETE LOWRY, JUDGE



 





PER CURIAM



 Appellant Danny Ray Harris seeks to appeal from an order of the district court of
Travis County denying his request for a temporary restraining order. See Tex. R. Civ. P. 680. 
We will dismiss the appeal for want of jurisdiction because the order is a non-appealable,
interlocutory order.

 Harris was convicted of capital murder and a sentence of death imposed. See
Harris v. State, 790 S.W.2d 568 (Tex. Cr. App. 1989); Harris v. State, 645 S.W.2d 447 (Tex.
Cr. App. 1983). On July 29, 1993, he filed a petition in intervention in a suit pending in the
district court of Travis County. See Tex. R. Civ. P. 60. Appellees, and defendants in the trial
court, are the Texas Department of Criminal Justice, the Texas Board of Pardons and Paroles, and
the Board's chairman and members. Harris requested that the district court issue a temporary
restraining order and, after notice and hearing, a order for temporary injunction. See Tex. R.
Civ. P. 680 - 683. Harris sought to restrain his execution scheduled for July 30, 1993.

 The district court held a hearing on Harris's application for temporary restraining
order on July 29, 1993. The district court determined that the grounds stated in Harris's petition
for intervention were insufficient to support his requests for extraordinary relief and denied such
relief. Harris then made his cash deposit in lieu of cost bond by depositing $1000 with the district
judge.

 We have reviewed the order and conclude that the order is an order denying
Harris's request for a temporary restraining order. Absent certain exceptions, an appellate court
has jurisdiction to review only final judgments. Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(West 1986); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Pursuant
to Tex. Civ. Prac. & Rem. Code § 51.014(4) (West Supp. 1993), a party may appeal an
interlocutory order that refuses a temporary injunction. An order denying a temporary restraining
order, however, is not a refusal of a temporary injunction and, therefore, is not appealable. 
Jackson v. Lubben, 502 S.W.2d 860, 862 (Tex. Civ. App. 1973, writ dism'd); see Henderson v.
Shell Oil Co., 182 S.W.2d 994, 995 (Tex. 1944); Eichelberger v. Hayton, 814 S.W.2d 179, 182
(Tex. App.--Houston [1st Dist.] 1991, writ denied).

 This Court recognizes that the order of the district court denies "all relief requested
by the Intervenor, Danny Ray Harris." Nevertheless, it is clear from the order the issue of the
temporary restraining order was the only issue before the district court at the hearing on July 29,
1993.

 For the foregoing reasons, we dismiss the appeal for want of jurisdiction.


[Before Chief Justice Carroll and Justice Kidd]

Appeal Dismissed

Filed: July 29, 1993

[Do Not Publish]