IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-402-CV




JOSEPH PAUL JERNIGAN,



 APPELLANT


vs.





TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JAMES A. LYNAUGH, 


EXECUTIVE DIRECTOR; THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,


PARDONS AND PAROLES DIVISION; ITS CHAIR, JACK KYLE; 


AND ITS BOARD MEMBERS, IRMA CAULEY, KENNETH COLEMAN, 


BENNIE ELMORE, JOHN ESCOBEDO, ALBERT SANCHEZ, MAE JACKSON, 


TERRIE SCHNORRENBERG, WINONA MILES, DANIEL DOWNS, PAUL PREJEAN,


MARY LEAL, HENRY KEENE, IRIS LAWRENCE, TROY FOX, HUB BECHTOL, 


AND GILBERT RODRIGUEZ; AND JAMES A. COLLINS, DIRECTOR OF THE


INSTITUTIONAL DIVISION, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,




 APPELLEES


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 93-09209, HONORABLE JOSEPH H. HART, JUDGE PRESIDING


 




PER CURIAM


 Appellant Joseph Paul Jernigan sought to appeal from an order of the district court
of Travis County denying his request for a temporary restraining order. See Tex. R. Civ. P. 680. 
We will dismiss the appeal for want of jurisdiction because the order is a non-appealable
interlocutory order.

 Jernigan was convicted of capital murder and a sentence of death imposed. See
Jernigan v. State, 661 S.W.2d 936 (Tex. Cr. App. 1983), cert. denied, 464 U.S. 986 (1983). In
August 1993, he filed suit in the district court of Travis County against the Texas Department of
Criminal Justice, its executive director, the Department's Pardons and Paroles Division, the Board's chairman and members, and the executive director of the Department's Institutional
Division. (1) Ancillary to his claims on the merits, Jernigan requested that the district court grant
him injunctive relief to enjoin his execution scheduled for August 5, 1993. See Tex. R. Civ. P.
680 - 683. The district court issued an order denying the request for temporary restraining order
on August 4, 1993. Jernigan made a cash deposit in lieu of appeal bond with the district clerk of
Travis County to appeal that order. (2) See Tex. R. App. P. 40(a)(1), 42(a).

 Absent certain exceptions, an appellate court has jurisdiction to review only final
judgments. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); North E. Indep. Sch.
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Pursuant to Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(4) (West Supp. 1993), a party may appeal an interlocutory order that refuses an
application for temporary injunction. An order denying a temporary restraining order, however,
is not a refusal of a temporary injunction and, therefore, is not appealable. Jackson v. Lubben,
502 S.W.2d 860, 862 (Tex. Civ. App. 1973, writ dism'd); see Henderson v. Shell Oil Co., 182
S.W.2d 994, 995 (Tex. 1944); Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex. App.--Houston
[1st Dist.] 1991, writ denied).

 The order from which Jernigan sought to appeal expressly states that the district
court denied Jernigan's request for a temporary restraining order. Accordingly, we dismiss the
appeal for want of jurisdiction.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Appeal Dismissed

Filed: August 25, 1993

[Do Not Publish]
1. [1] Appellees are the Texas Department of Criminal Justice; its executive director, James A.
Lynaugh; the Texas Department of Criminal Justice, Pardons and Paroles Division; the Board's
chairman, Jack Kyle; the Board's members, Irma Cauley, Kenneth Coleman, Bennie Elmore, John
Escobedo, Albert Sanchez, Mae Jackson, Terrie Schnorrenberg, Winona Miles, Daniel Downs,
Paul Prejean, Mary Leal, Henry Keene, Iris Lawrence, Troy Fox, Hub Bechtol, and Gilbert
Rodriguez; and the director of the Texas Department of Criminal Justice, Institutional Division,
James A. Collins.
2. [2] Jernigan also filed a motion for leave to file petition for writ of injunction in this Court
seeking to enjoin the execution scheduled for August 5, 1993. See Tex. R. App. P. 121. This
Court denied the motion for leave to file. See Jernigan v. Texas Dept. of Criminal Justice, No.
3-93-401-CV (Tex. App.--Austin Aug. 4, 1993, orig. proceeding) (not designated for publication).