COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-096-CV

 

 

L.H. MEEKER AND BRIAN
RUTLEDGE                                            APPELLANTS

 

                                                             V.

 

TARRANT COUNTY
COLLEGE DISTRICT                                           APPELLEE

 

                                                       ------------

 

               FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. 
Introduction








Appellants
L.H. Meeker and Brian Rutledge (collectively, Meeker) appeal the trial court=s
summary judgment in favor of Appellee Tarrant County College District
(TCCD).  Meeker contends in two issues
that the trial court erred by denying Meeker=s
motion for summary judgment, granting TCCD=s
motion for summary judgment, and failing to declare that three of TCCD=s
meeting-agenda notices violated the Texas Open Meetings Act (TOMA).[1]  Because we hold that events subsequent to the
trial court=s
summary judgment mooted Meeker=s
appeal, we set aside the trial court=s
judgment and dismiss this case for lack of subject-matter jurisdiction.   

II. 
Factual and Procedural Background

TCCD
hired Dr. Leonardo de la Garza as chancellor in 1997.  In subsequent years, TCCD periodically
extended the terms of de la Garza=s
contract, increased his salary, or both. 
For example, TCCD extended de la Garza=s
contract in 2004 Afor a three (3) year period
to June 30, 2007,@ and set his salary at
$169,600 per year.  By 2007, TCCD had
extended de la Garza=s contract through June 30,
2008. 

In
2007, TCCD gave public notice of a meeting to occur on June 20, 2007.  Relevant to this appeal, the meeting-agenda
notice stated: AClosed Meeting:
Deliberations Regarding . . . Personnel Matters, Section 551.074, Texas
Government Code.@  At the June 20, 2007 meeting, TCCD increased
de la Garza=s
salary to $295,000 for the period from September 1, 2006, through August 31,
2007.  On July 30, 2007, TCCD entered
into an AAmendment
to Chancellor=s
Contract@
(the 2007 Contract) that memorialized de la Garza=s
increased compensation. 








In
2008, TCCD gave public notice of meetings to occur on June 18 and June 25,
2008.  Relevant to this appeal, the June
18, 2008 meeting-agenda notice stated: AClosed
Meeting:  . . . Personnel Matters,
Section 551.074, Texas Government Code. 
The personnel discussion may address aspects of the routine annual
evaluation of the chancellor.@  The June 25, 2008 meeting-agenda notice
stated: AClosed
Meeting:  . . . Deliberations regarding
personnel matters, Section 551.074 . . . Texas Government Code.  The personnel discussion may address aspects
of the routine annual evaluation of the chancellor.@  After the June 18 and June 25, 2008 meetings,
TCCD offered de la Garza Aa three-year contract with
an annual review at a total annual compensation of $325,000.@  By contract dated July 11, 2008 (the 2008
Contract), TCCD formally extended de la Garza=s
appointment Afor
a three (3) year period ending June 30, 2011,@
with an annual salary of $325,000. 








On
September 24, 2008, Meeker filed a lawsuit against TCCD and de la Garza[2]
seeking judicial declarations that the meeting-agenda notices for the June 18
and June 25, 2008 meetings violated TOMA and that the 2008 Contract is
void.  Meeker also sought injunctive
relief against TCCD and de la Garza that would have prohibited TCCD from Apaying
any salary or other compensation@ to
de la Garza or recognizing him as chancellor. 
Meeker amended his petition on November 21, 2008, and added requests for
judicial declarations that the meeting-agenda notice for the June 20, 2007
meeting violated TOMA and that the 2007 Contract is void.  The trial court conducted a hearing on Meeker=s
request for a temporary injunction on November 25, 2008, and denied injunctive
relief by order dated December 11, 2008. 

On
December 30, 2008, TCCD filed a traditional and no-evidence motion for summary
judgment Aas
to all the relief sought@ by Meeker.  Meeker then filed his own motion for summary
judgment on February 6, 2009, asking that TCCD=s
motion for summary judgment be denied and seeking judgment on all of his claims
against TCCD.  The trial court held a
hearing on the cross-motions for summary judgment on February 27, 2009, and on
March 12, 2009, denied Meeker=s
motion for summary judgment Ain
all respects,@
granted TCCD=s
motion for summary judgment Ain
all respects,@ and
ordered that Meeker pay TCCD Aits
reasonable attorneys fees and expenses incurred in this action in the amount of
$46,240.00.@  








Meeker
filed his notice of appeal on March 27, 2009. 
Thereafter, TCCD and de la Garza entered into a AFirst
Amendment to Chancellor=s Contract@
(the 2009 Contract) on June 30, 2009, which facilitated de la Garza=s
departure as TCCD=s chancellor.  The 2009 Contract provides that it Ais
the final agreement between [TCCD] and de la Garza[] and [that] it controls the
contractual relationship between the parties hereto after the date of this
[2009 Contract].@  The 2009 Contract also provides that it
supersedes all prior agreements and contracts between the parties, including
the 2008 Contract, and that TCCD would pay de la Garza $700,000 for a release
of claims against TCCD. 

III. 
The 2009 Contract Rendered Meeker=s
Appeal Moot

The
same day it filed its brief in this court, TCCD filed a motion for partial
dismissal of this appeal contending Meeker=s
request for injunctive relief is moot because de la Garza is no longer the TCCD
chancellor.  Meeker filed a response to
TCCD=s
motion, arguing that his claims for injunctive relief are not moot because the Aadequacy
of the public notices@ and his claim for attorney=s
fees remain live issues and that exceptions to the mootness doctrine apply. 

A[B]ecause
the disposition of this case turns on a jurisdictional issueCmootnessCthis
court is duty‑bound to examine jurisdictional grounds, and may do so sua
sponte.@  Robinson v. Alief Indep. Sch. Dist.,
298 S.W.3d 321, 330 (Tex. App.CHouston
[14th Dist.] 2009, pet. denied); see also M.O. Dental Lab v. Rape, 139
S.W.3d 671, 673 (Tex. 2004) (stating that a reviewing court is obligated to
review sua sponte issues affecting jurisdiction).  Thus, although TCCD=s
motion only seeks dismissal of Meeker=s
requests for injunctive relief, we are obligated to determine whether the 2009
Contract rendered all or any part of Meeker=s
appeal moot.








A.  Standard of Review

Whether
we have subject-matter jurisdiction is a legal question that we review de
novo.  See Trulock v. City of
Duncanville, 277 S.W.3d 920, 923 (Tex. App.CDallas
2009, no pet.); City of Shoreacres v. Tex. Comm=n of
Envtl. Quality, 166 S.W.3d 825, 830 (Tex. App.CAustin
2005, no pet.).  The mootness doctrine
implicates subject-matter jurisdiction.  City
of Shoreacres, 166 S.W.3d at 830; Pantera Energy Co. v. R.R. Comm=n of
Tex.,
150 S.W.3d 466, 471 (Tex. App.CAustin
2004, no pet.).  Because A[m]ootness
is a matter that ordinarily arises after the rendition of the judgment or order
appealed from,@ we
can only determine whether Meeker=s
appeal is moot by considering evidence of matters occurring subsequent to the
trial court=s
summary judgment order.  See Jackson
v. Lubben, 502 S.W.2d 860, 862 (Tex. Civ. App.CDallas
1973, writ dism=d).  And for that purpose alone, we will consider
the evidence attached to TCCD=s
motion for partial dismissal.  See id.;
Travis County v. Matthews, 221 S.W.2d 347, 348 (Tex. Civ. App.CAustin
1949, no writ); see also Sabine Offshore Serv., Inc. v. City of Port Arthur,
595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (stating A[a]ffidavits
outside the record cannot be considered by the Court of Civil Appeals for any
purpose other than determining its own jurisdiction@).

B.  Applicable Law

1.  Mootness Doctrine








The
mootness doctrine prevents courts from rendering advisory opinions, which are
outside the jurisdiction conferred by article II, section 1 of the Texas
constitution.  See Valley Baptist Med.
Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000).  A controversy must exist between the parties
at every stage of the legal proceeding, including the appeal.  Bd. of Adjustment of City of San Antonio v.
Wende, 92 S.W.3d 424, 427 (Tex. 2002); McClure v. JPMorgan Chase Bank,
147 S.W.3d 648, 651 (Tex. App.CFort
Worth 2004, pet. denied).  An issue may
become moot when a party seeks a ruling on some matter that, when rendered,
would not have any practical legal effect on a then‑existing
controversy.  See In re H & R
Block Fin. Advisors, Inc., 262 S.W.3d 896, 900 (Tex. App.CHouston
[14th Dist.] 2008, orig. proceeding); City of Farmers Branch v. Ramos,
235 S.W.3d 462, 469 (Tex. App.CDallas
2007, no pet.).  When an appeal is moot,
we must set aside the judgment and dismiss the cause.  McClure, 147 S.W.3d at 651; City of
Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 371 (Tex. App.CFort
Worth 2001, no pet.).

2.  Acts in Violation of Texas Open Meetings Act
are Voidable








TOMA
expressly provides that A[a]n action by a
governmental body in violation of this chapter is voidable.@  Tex. Gov=t
Code Ann. '
551.141 (Vernon 2004).  It does not state
that governmental acts in violation of TOMA are void or void ab initio.  Id. 
The distinction is important because the governmental act would be a nullity
if it were void or void ab initio.  Swain
v. Wiley College, 74 S.W.3d 143, 146 (Tex. App.CTexarkana
2002, no pet.).  But because the
governmental act is merely voidable, it is valid until adjudicated and declared
void.  Id.

C.  Analysis

Meeker
seeks three types of relief in this case: injunctive relief, declaratory
relief, and attorney=s fees.  A review of Meeker=s
requested relief will aid in determining whether his appeal is moot.  Compare Love Terminal Partners,
L.P. v. City of Dallas, 256 S.W.3d 893, 896 (Tex. App.CDallas
2008, no pet.) (holding request for declarations concerning TOMA violations
moot), with Ramos, 235 S.W.3d at 469 (holding request for declarations
concerning TOMA violations not moot because declaratory relief coupled with
potential remedial relief).  We will
therefore review each of Meeker=s
requests for relief in turn.

1.  Request for Injunctive Relief

Meeker
states in his brief that he seeks injunctive relief from this court (1)
prohibiting TCCD Afrom paying any salary or
other compensation@ to de la Garza Auntil
if and when the Trustees employ him following a legally adequate public notice@;
(2) prohibiting TCCD from Arecognizing
in any way Leonardo de la Garza as Chancellor, pending [TCCD]=s
conducting a properly noticed meeting@
with specified items to be included in the notice; (3) requiring TCCD to timely
post its agenda with full notice of proposed action to employ a chancellor; and
(4) posting notice containing all applicants for chancellor at least twenty-one
days before the meeting.













Although
Meeker does seek permanent injunctive relief relating to future meetings
concerning TCCD=s employment of a
chancellor, Meeker=s brief makes clear that his
requests for a permanent injunction relate only to TCCD=s
employment of de la Garza, not successor chancellors.  For example, Meeker states in his Appellant=s
Brief that: AIf
the Trustees decide to hold another meeting to consider awarding de la Garza
another contract, or ratifying the existing one, the Court should require the
public notice of the meeting to be worded clearly so the public will understand
that the Board proposes to act on a three-year contract for chancellor at a
salary increase.@  Meeker also argues that Athe
Court should void de la Garza=s
employment as Chancellor because the TCCD did not publish de la Garza=s
name as a candidate for the position of Chancellor at least 21 days before any
Board action on that matter.@  Thus, all of Meeker=s
requests for injunctive relief relate to de la Garza=s
service as chancellor.  And because de la
Garza is no longer the chancellor, all of Meeker=s
requests for injunctive relief are moot.[3]  See, e.g., Day v. First City Nat=l
Bank of Houston, 654 S.W.2d 794, 795 (Tex. App.CHouston
[14th Dist.] 1983, no writ) (stating that a case is moot when the actions
sought to be enjoined have been fully performed).  We therefore grant TCCD=s
motion for partial dismissal and hold that the 2009 Contract, which ended de la
Garza=s
service as chancellor, mooted all of Meeker=s
requests for injunctive relief.  But
because we are duty-bound to consider whether we have jurisdiction over the
remainder of Meeker=s appeal, we also consider
Meeker=s
other requests for relief to determine if the remainder of his appeal is moot.

2.  Requests for Declaratory Relief

Meeker
seeks judicial declarations that the June 2007 and June 2008 meeting-agenda
notices violated TOMA and that the 2007 and 2008 Contracts are void.  He argues that the adequacy of the 2007 and
2008 meeting-agenda notices and his request for attorneys=
fees remain live controversies, even after the 2009 Contract, because we could
declare the meeting-agenda notices inadequate under TOMA and award him
attorneys=
fees.  Because the legality of the 2009
Contract and the sufficiency of the meeting-agenda notice that preceded the
2009 Contract are not before us, we disagree that any live controversy remains
concerning the 2007 and 2008 meeting-agenda notices and contracts.








Actions
in violation of TOMA are voidable, not void, and remain valid until adjudicated
and declared void.  See Love Terminal
Partners, 256 S.W.3d at 897.  In this
case, the 2007 Contract had not been adjudicated void before the 2008 Contract
superseded it, and the 2008 Contract had not been adjudicated void before the
2009 Contract replaced it.  Thus,
declaring that the 2007 and 2008 meeting-agenda notices violated TOMA cannot
have any practical legal effect on a currently-existing controversy because the
declarations would only void contracts that have previously been superseded.  See id. (stating an issue is moot when
Aone
seeks a judgment on some matter which, when rendered for any reason, cannot
have any practical legal effect on a then-existing controversy@); see
also Tex. Gov=t Code Ann. ' 551.141
(stating governmental acts in violation of TOMA are voidable).








Contending
that his appeal is not moot, Meeker cites Ramos.  See 235 S.W.3d at 469.  But that case is distinguishable.  There, Ramos sued the City of Farmer=s
Branch for judicial declarations that the City violated TOMA by conducting
closed meetings relating to a controversial city ordinance.  Id. 
In addition to declaratory relief, Ramos sought disclosure Ato
the public [of] all transcripts, minutes, recordings, and other evidence of
closed meetings as well as requir[ing the City] to comply with TOMA in the
future.@  Id. 
After Ramos filed suit, the City repealed the ordinance at issue, sought
dismissal of Ramos=s lawsuit, and argued the
case was moot because the ordinance at issue had been repealed.  Id. at 465, 469.  But the court held the case was not moot
because of potential remedial relief available if Ramos proved a violation of
TOMA.  Id.  Specifically, if Ramos succeeded, the trial
court could have ordered the production of the documents and information from
the closed meetings.  Id.; see
also City of Richardson v. Gordon, No. 05-09-00532-CV, 2010 WL 986808, at
*3 (Tex. App.CDallas
March 18, 2010, no pet. h.) (following Ramos and holding City=s
charter amendment did not moot lawsuit because Gordon sought production of Aagendas,
tapes, and records@ from allegedly illegal
closed meetings in addition to his request for declaratory relief concerning
past alleged violations of TOMA).  Here,
Meeker seeks to void the 2007 Contract and the 2008 Contract for allegedly
insufficient notices, but he does not seek production of documents or other
information relating to the 2007 and 2008 meetings.  Cf. Ramos, 235 S.W.3d at 469; Gordon,
2010 WL 986808, at *3.  In fact, Meeker
seeks only to void the 2007 and 2008 Contracts, both of which were superseded
by subsequent contracts.  Thus, Meeker
does not seek a remedy relating to the 2007 and 2008 meeting-agenda notices
that was not mooted by the 2009 Contract. 
And because the legality of the 2009 Contract or the meeting-agenda
notice that preceded the 2009 Contract is not before us, Meeker=s
requests for judicial declarations are moot.

3.  Exceptions to Mootness Doctrine













Meeker
also argues that his appeal is not moot because the capable-of-repetition-yet-evading-review
and public-interest exceptions to the mootness doctrine apply to his case.  We disagree. 
A common element of both the public‑interest exception and the
capable-of-repetition-yet-evading-review exception is that the complained‑of
action be capable of repetition yet not effectively reviewable.  See generally Fed. Deposit Ins. Corp. v.
Nueces County, 886 S.W.2d 766, 767 (Tex. 1994).[4]  But an issue does not evade appellate review
if appellate courts have addressed the issue on the merits. See id.; Ngo
v. Ngo, 133 S.W.3d 688, 692 (Tex. App.CCorpus
Christi 2003, no pet.).  Here, the
adequacy of the public meeting-agenda notices is the substantive issue, but
Texas courts have addressed the adequacy of public meeting-agenda notices on
numerous occasions.  See, e.g., Cox
Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist., 706 S.W.2d 956,
959 (Tex. 1986); Salazar v. Gallardo, 57 S.W.3d 629, 633B34
(Tex. App.CCorpus
Christi 2001, no pet.); Markowski v. City of Marlin, 940 S.W.2d 720, 726
(Tex. App.CWaco
1997, writ denied); Point Isabel Indep. Sch. Dist. v. Hinojosa, 797
S.W.2d 176, 180B82 (Tex. App.CCorpus
Christi 1990, writ denied).  Thus, the
capable-of-repetition-yet-evading-review and public‑interest exceptions
do not apply in this case.

4.  Attorney=s
Fees

Meeker=s
claim for attorney=s fees is also moot.  Meeker=s
motion for summary judgment and live pleading sought attorney=s
fees only under government code section 551.142(b).  But section 551.142(b) authorizes an award of
litigation costs and attorney=s
fees only for substantially prevailing in a suit for mandamus or injunction
under section 551.142(a).  See
Tex. Gov=t
Code Ann. ' 551.142(b)
(Vernon 2004).  Meeker does not seek
mandamus relief, his requests for injunctive relief are moot, and section
551.142(b) does not authorize attorney=s
fees for succeeding on a claim for declaratory relief.  See id.  Thus, even if we were to consider the merits
of Meeker=s
request for declaratory relief and declare that the 2007 and 2008
meeting-agenda notices violated TOMA or that the 2007 and 2008 Contracts are
void, Meeker cannot be awarded attorney=s
fees for succeeding on a claim for declaratory relief because his pleadings do
not request attorney=s fees under Chapter 37 of
the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009
(Vernon 2008) (authorizing an Aaward
[of] costs and reasonable and necessary attorney=s
fees as are equitable and just@ in
any proceeding under Chapter 37).








As a
result, any ruling by this court concerning the merits of Meeker=s
challenge to the 2007 and 2008 meeting-agenda notices or the resulting 2007 and
2008 Contracts would not have any practical legal effect on any
currently-existing controversy.  See
In re M.R.J.M., 280 S.W.3d 494, 499 (Tex. App.CFort
Worth 2009, no pet.) (op. on reh=g)
(stating that A[a]n
issue may become moot when a party seeks a ruling on some matter that, when
rendered, would not have any practical legal effect on a then‑existing
controversy@).  We therefore hold that Meeker=s
appeal is moot. 

IV. 
Conclusion

Having
held that Meeker=s appeal is moot, we vacate
and set aside the trial court=s
judgment, including the award of attorney=s
fees to TCCD, and dismiss this case for lack of subject-matter
jurisdiction.  See Tex. Foundries,
Inc. v. Int=l Moulders & Foundry
Workers=
Union, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952) (stating
that Awhen
a case becomes moot on appeal, all previous orders are set aside by the
appellate court and the case is dismissed@ and
that merely dismissing the appeal Awould
have the effect of affirming the judgment of the lower court without
considering any assignments of error thereto@).

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED:  May 27, 2010











[1]See Tex. Gov=t Code Ann. ' 551.041 (Vernon
2004) (requiring governmental bodies to Agive written notice of the date, hour, place,
and subject of each meeting held by the governmental body@).





[2]Meeker subsequently
non-suited his claims against de la Garza.





[3]To the extent Meeker
arguably seeks relief concerning future meetings not relating to de la Garza,
Meeker seeks an advisory opinion Athat lies outside [our] judicial power.@  See Cornyn v. City of Garland, 994
S.W.2d 258, 267 (Tex. App.CAustin 1999, no
pet.).





[4]In FDIC, the
supreme court stated, 

 

This Court has not
previously decided the viability of the public interest exception, and we find
it unnecessary to reach that issue here. 
As articulated by the court of appeals, the public interest exception
permits judicial review of questions of considerable public importance if the
nature of the action makes it capable of repetition and yet prevents effective
judicial review.  Thus, a common element
of both the public interest exception and the capable of repetition exception
is that the complained of action be capable of repetition yet not effectively
reviewable.

 

Id.  The supreme court has not subsequently
recognized the public-interest exception to the mootness doctrine.  See, e.g., In re Guerra, 235
S.W.3d 392, 432 n.198 (Tex. App.CCorpus Christi 2007, orig. proceeding) (acknowledging
that the supreme court had not yet recognized the public interest exception but
applying the exception to hold that a case was not moot); Houston Chronicle
Pub. Co. v. Thomas, 196 S.W.3d 396, 400 (Tex. App.CHouston [1st Dist.]
2006, no pet.) (declining to recognize the public-interest exception until the
supreme court resolves the split in authority among the intermediate appellate
courts on the viability of the legal theory). 
Although we conclude the public-interest exception is inapplicable here,
we express no opinion concerning the viability of that legal theory.